UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:**
**08-21588-CIV-MORENO**

RAHEEL RANGOONWALA; JOSE CANAL;
JESUS CONSTANTINI; LACHEZAR
VANCHEV; TEODORA
KARAGUEORGUIEVA; ANA GONZALEZ;
KULWANT KAUR; OUSSAMA KARAKI; and
PEDRO LARA, Plaintiffs-Petitioners, individually
and behalf of all others similarly situated,

       Plaintiffs,

vs.

LINDA SWACINA, District Director, Miami
District, US Citizenship and Immigration Services
("USCIS"), KATHY REDMAN, District Director,
Tampa District, USCIS; JONATHAN
SCHARFEN, Acting Director, USCIS, MICHAEL
CHERTOFF, Secretary, U.s. Department of
Homeland Security ("DHS"); ROBERT S.
MUELLER, III, Director, Federal Bureau of
Investigation ("FBI"); and MICHAEL B.
MUKASKEY, U.S. Attorney General,

       Defendants.

_____/



**CLOSED CIVIL CASE**

## ORDER GRANTING DEFENDANTS' MOTION TO REMAND, DENYING MOTION FOR CLASS CERTIFICATION, AND DENYING ALL OTHER MOTIONS AS MOOT

       THIS CAUSE came before the Court upon Defendants' Motion to Remand in Part and Dismiss in Part **(D.E. No. 11)**, filed on **August 21, 2008**, and Plaintiffs' Motion for Class Certification **(D.E. No. 9)**, filed on **August 4, 2008**.

       THE COURT has considered the parties' motions, responses, pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that:

1.  This case is remanded to United States Citizenship and Immigration Services ("USCIS") pursuant to 8 U.S.C. § 1447(b) for a decision within 90 days on all named Plaintiffs' naturalization applications that are still pending, with leave for Plaintiffs to refile this action should USCIS fail to comply with this order.

2.  Plaintiffs Jose Canal, Jesus Constantini, Oussama Karaki, and Ana Gonzalez are DISMISSED from this action.[1]  Accordingly, the Court will not discuss the merits of their claims.

3.  Plaintiffs' remaining claims under the Administrative Procedures Act ("APA") are DISMISSED in light of the Court's decision to remand the case to USCIS.

4.  Plaintiffs' motion for class certification is DENIED.

5.  This case is CLOSED and all other pending motions are DENIED as MOOT.

## BACKGROUND

Plaintiffs are lawful permanent residents of the United States whose naturalization applications have been delayed between 3-5 years since they completed their citizenship interviews. Plaintiffs have brought a purported class action alleging unlawful delay in the adjudication of their naturalization applications in violation of 8 U.S.C. § 1447(b) and 5 U.S.C. § 555(b) *et seq* of the APA. Plaintiffs further allege that Defendants violated the APA's notice-and-comment requirements. 5 U.S.C. § 553.

---

[1]According to the parties' submissions, Plaintiffs Jose Canal, Jesus Constantini, and Oussama Karaki are naturalized citizens as of the date of this order. *See* Pl. Mot. for Leave to File Amended Compl., at n.1.  The Court also notes that Plaintiff Ana Gonzalez has since relocated to Montana, and she therefore cannot file suit pursuant to § 1447(b) in this district. *See Id.*, at n.2.  Rather, she can file suit in the District of Montana. *See* 8. U.S.C. § 1447(b).

_____Plaintiff Raheel Rangoonwala is a Pakistani national and has been a lawful permanent resident of the United States for almost ten years.  Mr. Rangoonwala applied for naturalization on October 31, 2003 and appeared for his naturalization interview on or about January 3, 2005.  Mr. Rangoonwala is still awaiting a decision on his application more than three years after his interview.

Plaintiffs Lachezar Vanchev and Teodora Karagueorguieva are Bulgarian nationals and have been lawful permanent residents of the United States for more than eight years.  Both Mr. Vanchev and Ms. Karagueorguieva applied for citizenship on April 11, 2005 and appeared for their respective interviews on December 12, 2005.  To date, they still have not received a decision on their applications.

Plaintiff Kulwan Kaur is an Indian national and has been a lawful permanent resident of the United States for more than nine years.  Ms. Kaur applied for citizenship on January 12, 2004 and passed her citizenship interview on July 21, 2004.  Ms. Kaur is still awaiting a decision on her application more than four years after her interview.

Finally, Plaintiff Pedro Lara is a Nicaraguan national and has been a lawful permanent resident of the United States for more than sixteen years.  Mr. Lara applied for citizenship on August 23, 2002, and appeared for his interview on June 13, 2003.  To date, Mr. Lara still has not received a decision on his application.

## PLAINTIFFS' 1447(b) CLAIM

Plaintiffs allege that their naturalization applications were stalled due to an unauthorized and unlawful FBI "name check" above and beyond the criminal background check that is contemplated by 8 C.F.R. § 335.2(b).  Plaintiffs ask the Court to adjudicate their naturalization claims pursuant to 8 U.S.C. § 1447(b), or alternatively, to remand the applications to USCIS with specific instructions

to adjudicate the applications within 90 days.  Defendants counter that the FBI has completed its name

checks for all named plaintiffs to the amended complaint, and ask the Court to remand all pending

naturalization applications to USCIS for final disposition.

## I. LEGAL STANDARD

Plaintiffs bring their first claim under 8 U.S.C. § 1447(b), which provides the following:

> If there is a failure to make a determination under section 335 [8 U.S.C.
> § 1447] before the end of the 120-day period after the date on which the
> examination is conducted under this section the applicant may apply to
> the United States district court for the district in which the applicant
> resides for a hearing on the matter.  Such court has jurisdiction over the
> matter and may either determine the matter or remand the matter, with
> appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).  Both sides acknowledge that USCIS failed to make a decision within the 120-day

period.   At issue is the remedy to redress Plaintiffs' injury.

## II. ANALYSIS

Plaintiffs ask the Court to adjudicate their naturalization applications because to date, USCIS

has not done so.  While the statute gives the Court such discretion, the Court elects, again, to follow

the majority of courts that have remanded these cases back to USCIS.  *See e.g. Chahoud v. Swacina*,

No. 07-23393-CIV-MORENO (S.D. Fla. June 6, 2008); *Rodriguez v. Gonzales*, No. 07-20022-CIV-

UNGARO, slip op. at 4 (S.D. Fla. Dec. 22, 2006); *Hussein v. Gonzales*, 474 F. Supp. 2d 1265, 1268-

69 (M.D. Fla. 2007).   USCIS is far better-equipped than the Court to evaluate the merits of the

naturalization application, and the Court opts not to disturb this Agency's primary function to do so.

*See INS v. Ventura*, 537 U.S. 12, 17 (2002) ("The agency can bring its expertise to bear on the matter;

it can evaluate the evidence; . . . it can, through informed discussion and analysis, help a court later

determine whether its decision exceeds the leeway that the law provides.").

Along with the Court's decision to remand this action back to USCIS, the Court reiterates its previous call to USCIS stressing the importance of complying with the 120-day rule mandated by § 1447(b). *See Chahoud*, No. 07-23393, at 3. Plaintiffs have waited between three and five years for a decision from USCIS, even after passing the naturalization interview. Plaintiffs are entitled to a final decision. The Court hereby orders USCIS to adjudicate Plaintiffs' naturalization applications within 90 days of the date of this order.

## PLAINTIFFS' APA CLAIMS

Plaintiffs further allege that Defendants violated 5 U.S.C. § 555(b) *et seq.* and 5 U.S.C. § 553 of the APA. Specifically, Plaintiffs contend that Defendants' failure to adjudicate their naturalization applications within 120 days of their naturalization interviews violates the APA's requirement that all administrative agencies conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555(b). Second, Plaintiffs argue that Defendants unlawfully instituted the FBI name check process without first providing a "notice-and-comment" period, in violation of 5 U.S.C. § 553. Plaintiffs seek declaratory and injunctive relief, apparently separate from Plaintiffs' § 1447(b) claim. The Court finds that § 1447(b) provides an adequate remedy to redress Plaintiffs' injuries, warranting dismissal of their APA claims.

The APA provides a right to judicial review of all "final agency actions for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Plaintiffs seek adjudication of their naturalization applications, which Congress provides pursuant to § 1447(b) once 120 days since the USCIS examination has passed. The Court may adjudicate Plaintiffs' naturalization applications or remand them back to USCIS for adjudication. § 1447(b).

The Court opts to follow Congress's word, in lieu of accepting Plaintiffs' invitation to write a law review article about whether they are entitled to systemic declaratory or injunctive relief under

the APA.  Plaintiffs cite to *Roshandel v. Chertoff* for the proposition that this Court can grant

systemic declaratory relief under the APA separate and apart from the remedy afforded to them by

§ 1447(b).  No. 07-01739-MJP (W.D. Wash. May 5, 2008) (Slip Op. At 7-8).  Unlike in *Roshandel*

and the related cases cited by Plaintiffs, this Court only concerns itself with remedying Plaintiffs'

cognizable injuries.  A remand with specific instructions to USCIS sufficiently does so, warranting

dismissal of Plaintiffs' APA claims.

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs' proposed class action alleges a systemic, unlawful delay in the adjudication of

citizenship applications caused by Defendants' use of an unauthorized FBI "name check."  Pursuant

to Federal Rule of Civil Procedure 23, Plaintiffs' amended complaint asks the Court to certify the

proposed class as:

> All lawful permanent residents of the United States residing in the
> Southern District of Florida who have submitted naturalization
> applications to USCIS but whose naturalization applications have not
> been determined within 120 days of the date of their initial
> examination due to the pendency of the "name check" process.

Amended Compl. at ¶87.  The relief that Plaintiffs seek on behalf of the proposed class includes: (1)

adjudication of Plaintiffs' naturalization claims; and (2) declaratory and injunctive relief related to

Defendants' alleged systemic APA violations.  As set forth in the ensuing analysis, the Court will not

certify the proposed class as to Plaintiffs' § 1447(b) claim because Plaintiffs lack standing and

otherwise fail to meet the typicality requirement set forth by Rule 23(a).  In light of the Court's

dismissal of Plaintiffs' APA claims, the Court need not consider their class certification.

**I. LEGAL STANDARD**

Rule 23 permits the certification of a proposed class where: (1) the class is so numerous that

joinder of all members is impracticable; (2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).  These factors are commonly identified as numerosity, commonality, typicality, and adequacy of representation.  *Prado-Steinman v. Bush*, 221 F.3d 1266, 1278 (11th Cir. 2000).  The party seeking certification has the burden of meeting all four factors of Rule 23(a), and at least one type of class described in Rule 23(b).  *Alchem Prods. Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Plaintiffs seek certification pursuant to Rule 23(b)(2), which states,"the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory judgment relief is appropriate respecting the class as a whole."  Class certification is left to the Court's discretion.  *Hines v. Widnall*, 334 F.3d 1253, 1255 (11th Cir. 2003).

As a threshold matter, Plaintiffs must establish standing to represent a proposed class.  *Prado-Steinman*, 221 F.3d at 1279; *Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir. 1987).  Article III requires the representatives of a proposed class to show that: (1) they suffered an actual or threatened injury; (2) the injury is fairly traceable to the challenged conduct of the defendants; and (3) the injury is likely to be redressed by a favorable ruling.  *Friends of Earth, Inc. v. Laidlaw Environ., Inc.*, 528 U.S. 167, 180-81 (2000).  In order to represent the proposed class, Plaintiffs must show that they "suffer the same injury as the class members."  *Prado-Steinman*, at 1279.  In determining Plaintiffs' standing, the Court must conduct a "fact-specific inquiry" that includes "factual proffers, through affidavits and other evidentiary documents."  *Murray v. Auslander*, 244 F.3d 807, 810 (11th Cir. 2001); *See also Prado-Steinman*, at 1280.

## II. PLAINTIFFS LACK STANDING TO REPRESENT THE PROPOSED CLASS

The proposed class definition includes those "whose naturalization applications have not been determined...due to the pendency of the 'name check' process."  Amended Compl. at ¶ 87.  According

to the affidavit of Ms. Elaine Watson, the Section Chief for the Naturalization Unit of USCIS in Miami, FL, the FBI has completed name checks for all named Plaintiffs listed in the amended complaint.  *See* Def. Mot. to Remand, Exh. A.  It is clear that named Plaintiffs no longer suffer the injury that they put forth on behalf of the proposed class.  Accordingly, Plaintiffs lack standing to represent a class "of which they are not members."  *Brown v. Sibley*, 650 F.2d 760, 771 (5th Cir. 1981) (denying class certification where named plaintiffs failed to show that they suffered the injury allegedly suffered by the proposed class).

### III. PLAINTIFFS' § 1447(b) CLAIM FAILS THE TYPICALITY REQUIREMENT

Even assuming *arguendo* that Plaintiffs had standing to represent the proposed class, they fail to meet the typicality requirement of Rule 23(a).  The typicality prong demands a nexus between the class representatives' legal claims and those of the remaining class members.  *Prado-Steinman*, at 1278.  Typicality "refers to the individual characteristics of the named plaintiff[s] in relation to the class." *Id.*  While Plaintiffs need not show identical claims to the rest of the proposed class, they must suffer the same injury "in order to be typical under Rule 23(a)(3)."  *Murray*, 244 F.3d at 811; *See also Bush v. JRHBW, Inc.*, 513 F.3d 1314, 1322 (11th Cir. 2008).

It is a telling indicator of the individualized nature of Plaintiffs' claims that USCIS already adjudicated some of their applications.  Jose Canal, Jesus Constantini, and Oussama Karaki are now naturalized citizens, while five others still await a final decision.  But more importantly, as discussed above, the FBI has completed name checks for all named Plaintiffs.  At this point, named Plaintiffs have a different alleged injury than that typical of the proposed class.  Named Plaintiffs are now further along in the naturalization process than the proposed class who allegedly suffer injury because of "the pendency of the 'name check' process."  Amended Compl. at ¶ 87.  The Court concerns itself only with named Plaintiffs' injury, which is remedied by the Court's decision to remand their

naturalization applications to USCIS.  Because Plaintiffs' injury is not typical of the proposed class, the Court must deny class certification.  *See Murray*, 244 F.3d at 811; *Bush*, 513 F.3d at 1322.

## <u>CONCLUSION</u>

Pursuant to § 1447(b), named Plaintiffs' naturalization applications are remanded to USCIS for adjudication within 90 days.  Plaintiffs Jose Canal, Jesus Constantini, Oussama Karaki, and Ana Gonzalez are DISMISSED from this action because their claims are now moot.  Plaintiffs' APA claims are DISMISSED, and Plaintiffs' motion for class certification is DENIED.  This case is CLOSED and all other pending motions are DENIED as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 24th day of November, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record